John A. Mullen, J.
In this article 78 proceeding, petitioners seek an order determining that the use of 1917 mortality tables, in computing certain optional benefits, is illegal and void as against the petitioners and all others similarly situated; directing the defendant to recompute, on the basis of the 1934 mortality tables in computing maximum retirement allowances payable through life, the option values for the petitioner Young, and all others similarly situated; directing defendant upon retirement of petitioner Atkin, and all others similarly situated, to compute option and insurance values on the. basis of the 1934 mortality tables in computing maximum retirement allowances payable throughout life; and directing defendant, in computing benefits provided by chapter 948 of -the Laws of 1961, to do so on the basis of mortality tables employed by it in computing maximum mortality allowances payable throughout life.
Petitioner Atkin became a member in February, 1940, petitioner Cogen, on October 1, 1934 and petitioner Young on February 2, 1925, and the latter retired on September 22, 1950.
Principally,.the plaintiffs complain of the use by the defendant, pursuant to a resolution adopted in 1934, of both the 1917 and 1934 tables in computing maximum allowances, annuity *647 benefits, actuarial equivalents and .insurance values. In Birnbaum v. New York State Teachers Retirement System (5 N Y 2d 1) the plaintiffs instituted an action for declaratory judgment. They had entered the system prior to July 1, 1940. Section 7 of article V of the State Constitution, effective July 1, 1940, provided: “After July first, nineteen hundred forty, membership in any pension or retirement system of the state or of a civil division thereof shall be a contractual relationship, the benefits of which shall not be diminished or impaired. ’ ’ On January 9,1946, there was adopted a mortality table applicable to the annuity portion of a retirement allowance. It reduced by 5% the amount which would be payable pursuant to the table in use on and before July 1, 1940. It was determined that the table adopted on January 9, 1946, was not applicable to those plaintiffs since, upon adoption of the constitutional amendment, the rights of a member were fixed as of the time he became a member of the system. It was further determined that under section 508 of the Education Law, a periodic review of the mortality table for the purpose of computing amounts of annuities to be allowed is contemplated, but the section did not declare that mortality tables adopted after a person had become a member of the system are to be employed in determining such annuity benefits to which a person may be entitled upon retirement. The use of such new mortality tables could be prospective only.
It was noted by the court in the Matter of Ayman v. Teachers’ Retirement Bd. of City of N.Y. (9 N Y 2d 119) that the adoption by resolution of new tables in 1934 was a fact not before the court in the Birnbaum case. In Ayman, the petitioners became members of the system prior to 1931. It was there determined that the board may not then calculate the retirement annuities on the basis of tables in effect at the time of their retirement or on the basis of mortality tables in use at the time they entered the service, and direction was made for recalculation on the basis of the actuarial values including tables of mortality in effect immediately prior to July 1,1940. The court agreed with the determination made below that the board may not calculate the retirement annuities on the basis of the tables in effect at the time of the retirement of petitioners. Since the court held the constitutional amendment to be prospective only, and the petitioners were members when it became effective, their rights became vested then and such rights were to be calculated on the basis of tables then in use, including those adopted in 1934. It was concluded that the retirement amounts of the petitioners were to be recalculated on the basis of the actuarial values, *648 including tables of mortality in effect immediately prior to July 1, 1940.
These petitioners are within the ambit of the Birnbaum and Ayman cases. They now urge that actuarial inequality results from application of the 1934 tables, yet their use has been mandated. They urge further that the 1934 resolution was illegal and unconstitutional since it was not adopted after investigation and finding of necessity. It appears from the Tenth Annual Report of the Retirement Board for 1932 that investigation and finding were made. Petitioners have failed to establish that the statutory 5-year investigation into the mortality and service experience of contributors was not made prior to the adoption of the resolution.
Section B2CL13.0 of the Administrative Code provides that after investigation and valuation by the board actuary, the board shall ‘4 Adopt for the retirement system such mortality, service and other tables as shall be deemed necessary ”. (Italics supplied.) Apart therefrom, petitioners have failed to establish any lack of actuarial equivalence with respect to the computation of annuity and the contention is not supported by the weight of expert actuarial opinion to which petitioners have resorted for support of their contention. No sound ground has been urged to support a determination which would in any measure dilute the force of the Birnbaum and Ayman cases, and no other pertinent authority is furnished. The motion is denied and the petition is dismissed.